*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 8, 2015                      518958
_____

In the Matter of ANDREA CC.,
                    Respondent,

      v                                        MEMORANDUM AND ORDER

ERIC DD.,
                    Appellant.

(And Six Other Related Proceedings.)
_____

Calendar Date:   September 11, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____

       Lisa A. Burgess, Indian Lake, for appellant.

       Michelle I. Rosien, Philmont, for respondent.

       Ellen S. Ross, Johnstown, attorney for the child.

                        _____

McCarthy, J.P.

       Appeal from an order of the Family Court of Fulton County
(Skoda, J.), entered February 13, 2014, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

       Petitioner (hereinafter the mother), who lives in Albany
County, and respondent (hereinafter the father), who lives in
Fulton County, are the parents of a daughter (born in 2008).  In
2012, pursuant to a stipulated custody order, the parties agreed
to share joint legal custody of the child and alternated physical
custody weekly.  The order also stipulated that any future

modification of the order would be based upon the best interests of the child, without any showing of a change in circumstances. In July 2013, the mother, due in part to the child's attendance in kindergarten being imminent and the parents living in different school districts, filed a modification of custody petition, seeking primary physical custody of the child, and a violation petition, both in Fulton County. Shortly thereafter, the father filed a modification petition seeking primary physical custody of the child. In addition to filing a second violation petition, the mother also filed another custody modification petition and a violation petition, both in Albany County; these were subsequently transferred to Fulton County. Thereafter, the father filed a family offense petition against the mother and was awarded temporary custody of the child during the pendency of the proceedings. Following a fact-finding hearing, Family Court, among other things, granted one of the mother's modification petitions and awarded primary physical custody of the child to the mother and parenting time to the father, while maintaining joint legal custody. The court dismissed the remaining petitions. The father appeals.

The father contends that Family Court's order granting primary physical custody of the child to the mother was not in the child's best interests. As the parties personally stipulated that they did not need to show a change in circumstances when seeking a modification of the 2012 order, our inquiry turns to a best interests analysis. In making such a determination, Family Court examines "such factors as the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Teri v Elliott, 122 AD3d 1092, 1093 [2014] [internal quotation marks and citation omitted]; see Matter of Alleyne v Cochran, 119 AD3d 1100, 1100-1101 [2014]).

Here, in addition to evaluating other relevant factors regarding the parties' home environments, employment and ability to provide for the child, Family Court found the credibility of the parties to be significant in determining the best interests of the child. Specifically, although the father denied any

agreement, the court credited the mother's testimony that she and the father had agreed that the child would attend school in Albany County. The mother testified that, prior to the commencement of these proceedings, the child was enrolled in kindergarten and participated in school orientation where she rode the school bus and met her teacher. Also, the court found significant, and we agree, that the father misrepresented material facts regarding the prior proceedings and the mother's conduct during his ex parte communications with the court in procuring the temporary custody order. To that end, the mother was not made aware that the father was seeking custody of the child until the police arrived with the father, who was accompanied by numerous family and friends, to remove the child pursuant to a temporary order of custody.

The father exhibited a further lack of good judgment when, without consulting with or informing the mother, he enrolled the child in school in Fulton County, switched her pediatrician, sought medical attention for a sunburn[1] and enrolled her in family counseling. In addition, the father engaged in further inappropriate behavior when he repeatedly placed telephone calls from the mother on speaker phone for family members and neighbors to hear. Furthermore, testimony established that the father's wife confronted the mother regarding a sunburn sustained by the child while in the mother's care, which escalated into a heated exchange and swearing in front of the child. The father's wife also exhibited hostility toward the mother, particularly with the mother's disregard of the wife's insistence that the mother contact the child by calling the home telephone rather than the father's cell phone. Although the record establishes that the mother also has exhibited instances of poor judgment, "accord[ing] great deference to Family Court's factual findings and credibility determinations given its superior position to observe and assess the witnesses' testimony and demeanor firsthand," we find that there is a sound and substantial basis

---

[1]  We recognize that Family Court was mistaken when it asserted that the father had not submitted medical records into evidence to support his testimony that he had sought treatment for the child's sunburn.

to support the court's decision that joint custody with primary physical custody to the mother is in the child's best interests (<u>Matter of Daniel TT. v Diana TT.</u>, 127 AD3d 1514, 1515 [2015]; <u>see</u> <u>Matter of Alleyne v Cochran</u>, 119 AD3d at 1101).

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court