*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                     519757
_____

In the Matter of BILLIE JO
    ROHDE,
                    Appellant,

        v                                MEMORANDUM AND ORDER

RAYMOND W. ROHDE JR.,
                    Respondent.

(And Two Other Related Proceedings.)
_____


Calendar Date:   November 17, 2015

Before:   Lahtinen, J.P., Garry, Rose, Lynch and Devine, JJ.

                    _____


        Randolph V. Kruman, Cortland, for appellant.

        Kristine M. Shaw, Ithaca, for respondent.

        Margaret McCarthy, Ithaca, attorney for the children.


                    _____


Lynch, J.

        Appeal from an order of the Family Court of Chemung County
(Rich Jr., J.), entered August 22, 2014, which, among other
things, in three proceedings pursuant to Family Ct Act article 6,
modified a prior order of custody and visitation.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of two children (born in
1998 and 2001).  In September 2013, Family Court (Brockway, J.)
issued an order granting joint legal custody with physical
custody to the father and parenting time to the mother.
Specifically, with respect to the younger child, the mother was

granted parenting time every other weekend, with overnights subject to the child's approval. With respect to the older child, the court ordered that parenting time was to occur subject to that child's approval. In February 2014, the mother filed an enforcement petition alleging that the father violated the September 2013 order. After temporary orders were issued in March 2014 and May 2014 limiting the mother's contact with the children to telephone calls, the mother filed two more enforcement petitions alleging that each of these orders was violated. After a Lincoln hearing and a fact-finding hearing, Family Court (Rich Jr., J.) dismissed each of the petitions, and the mother's parenting time was suspended.[1] The mother now appeals.

Initially, inasmuch as the mother did not object after the September 2013 custodial order was modified twice during the pendency of the fact-finding hearing, we find that the mother's argument that Family Court deprived her of due process by suspending her parenting time is not preserved for our review (see Matter of Tisdale v Anderson, 100 AD3d 1517, 1517 [2012]; Matter of Castillo v Luke, 63 AD3d 1222, 1223 [2009]; Matter of Young v Collins, 37 AD3d 1014, 1016 [2007]). Moreover, notwithstanding her initial petition, the mother also requested, at the initial appearance and while represented by counsel, a "change in custody" based on the father's conduct following the entry of the September 2013 order. Later, the attorney for the children sought confirmation, without dispute, that the mother sought to convert the violation petition to one for modification

_____

[1] At the commencement of the fact-finding hearing, Family Court erred to the extent that it expressly revealed the substance of the childrens' communications during the Lincoln hearing (see Matter of Lawrence v Kowatch, 119 AD3d 1004, 1006 n 1 [2014]). We must reiterate that, however well intended the trial court may have been, protecting the child's right to confidentiality, as promised, "remains a paramount obligation" in Family Ct Act article 6 proceedings (Matter of Julie E. v David E., 124 AD3d 934, 937-938 [2015]; see Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1119 n 4 [2011]; Matter of Hrusovsky v Benjamin, 274 AD2d 674, 676 [2000]).

of the prior custody order.  Under the circumstances, therefore, we have no doubt that the mother was on notice that custody was at issue in these proceedings (see Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1163 [2015], lv dismissed and denied 26 NY3d 998 [2015]; Matter of Kowatch v Johnson, 68 AD3d 1493, 1495 [2009], lv denied 14 NY3d 704 [2010]).

Turning to the merits, a parent seeking to modify an existing custody order must "demonstrate[] a change in circumstances that warrants an inquiry into the best interests of the child[ren]" (Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]; see Matter of Vanita UU. v Mahender VV., 130 AD3d at 1163).  To determine whether modification is in the children's best interests, we consider such factors as "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the children and foster a relationship with the other parent" (Matter of Shokralla v Banks, 130 AD3d 1263, 1264 [2015] [internal quotation marks and citation omitted]).  The wishes of older, more mature children, while not dispositive, may support a finding of a change in circumstances and may be considered when determining their best interests (see Matter of Jones v Moore, 129 AD3d 1400, 1401 [2015]; Matter of Colona v Colona, 125 AD3d 1123, 1126 [2015]).

Here, although Family Court did not make an express finding with regard to change in circumstances, we have the authority to independently review the record to determine whether such circumstances existed (see Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014]).  In our view, and as noted by Family Court, the "extraordinarily damaged relationship" between the mother and the children was a sufficient change in circumstances to warrant consideration of the children's best interests.  While there was conflicting testimony before the court with regard to the behavior of the parents and the father's girlfriend towards each other in front of the children, these credibility issues were for the court to resolve (see Matter of Colona v Colona, 125 AD3d at 1126; Matter of Bond v MacLeod, 83 AD3d 1304, 1306 [2011]).  Having found that there was a sufficient change in circumstances, we further find that, based on the evidence and giving the requisite deference to

Family Court's credibility findings, the record provides a sound and substantial basis for its determination that suspension of the visitation order was in the childrens' best interests (see Matter of Colona v Colona, 125 AD3d at 1126).

    Lahtinen, J.P., Garry, Rose and Devine, JJ., concur.


    ORDERED that the order is affirmed, without costs.




                ENTER:


                Robert D. Mayberger
                Clerk of the Court