*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                520573
_____

In the Matter of CHAD E. BUSH,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER
APRIL M. MILLER,
                    Appellant.
_____

Calendar Date:  January 5, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        Lisa A. Natoli, Norwich, for appellant.

        Lisa K. Miller, McGraw, for respondent.

        Martha Hertzberg, Cortland, attorney for the child.


                        _____


Lynch, J.

        Appeal from an order of the Family Court of Cortland County
(Campbell, J.), entered January 30, 2015, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unmarried parents of a child
(born in 2002).  Pursuant to a 2012 stipulated custody order, the
parties shared joint legal custody of the child, the mother had
physical custody and the father had parenting time every other
weekend.  The child thus resided with the mother and two half
siblings until an incident in late June 2014, when the mother
became so intoxicated that she was vomiting and unable to care

for herself, and was combative and threatened to harm herself. In July 2014, the father sought sole custody of the child based on the June 2014 event. Following a fact-finding hearing, Family Court granted sole legal and primary physical custody of the child to the father and supervised parenting time to the mother. The mother now appeals.

A parent seeking to modify an existing custody order must demonstrate an intervening change in circumstances to warrant consideration of the child's best interests (see Matter of Rohde v Rohde, 135 AD3d 1011, ___, 22 NYS3d 666, 668 [2016]; Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]). The threshold change in circumstances must be met even where, as here, the parties stipulated to a custodial order (see Matter of Kiernan v Kiernan, 114 AD3d 1045, 1046 [2014]). According the requisite deference to Family Court's credibility determinations, we find that the evidence of the intervening child protective reports involving the mother's excessive consumption of alcohol and inadequate guardianship of the child was a sufficient change in circumstances to warrant consideration of the child's best interests to determine whether the May 2012 custody order should be continued (see Matter of Kiernan v Kiernan, 114 AD3d at 1046; Matter of Graves v Stockigt, 79 AD3d 1170, 1171 [2010]).

Turning to the issue of best interests, we agree that Family Court properly awarded sole custody to the father. The best interests analysis entails consideration of "such factors as the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Andrea CC. v Eric DD., 132 AD3d 1028, 1029 [2015] [internal quotation marks and citation omitted]). A child's wishes may be considered but are not dispositive (see Matter of Colona v Colona, 125 AD3d 1123, 1126 [2015]). Here, the attorney for the child advised Family Court that the child wished to live with the father. Family Court also considered the father's more stable home life with his wife and their six children, and that he did not have a history with child protective services or any criminal history.

Although we are mindful that the mother has been the child's primary care giver, the mother's inability to properly supervise the child and her two half siblings has subjected the mother to ongoing scrutiny by child protective services and consequent loss of custody of both half siblings. Upon consideration of the record as a whole, including the evidence of each party's relative fitness and ability to provide a safe home and the mother's lack of insight with regard to her behavior, we find a sound and substantial basis for Family Court's decision to modify the prior order and award sole legal and physical custody to the father (see Matter of Menhennett v Bixby, 132 AD3d 1177, 1179-1180 [2015]; Matter of Colona v Colona, 125 AD3d at 1126; Matter of Bush v Bush, 104 AD3d 1069, 1073 [2013]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court