*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                520990
_____

In the Matter of THOMAS J.
    BEREZNY,
                        Appellant,

        v                                   MEMORANDUM AND ORDER

JESSICA RABY,
                        Respondent.

(And Another Related Proceeding.)
_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Elena Jaffe Tastensen, Saratoga Springs, for appellant.

        Susan J. Civic, Saratoga Springs, for respondent.

        Patricia L.R. Rodriguez, Schenectady, attorney for the
child.

_____

McCarthy, J.P.

        Appeal from an amended order of the Family Court of Fulton
County (Skoda, J.), entered September 8, 2014, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2009).
In 2012, Family Court entered an order granting the parents joint
legal and shared physical custody of the child with an

alternating weekly schedule of parenting time. In April 2014, the father filed a petition to modify the custody order seeking primary physical custody so the child could attend school full time in the fall near the father's house in Fulton County. The mother also filed a petition to modify the custody order and sought primary physical custody of the child so she could enroll the child in school near her house in Pennsylvania. Following a fact-finding hearing, the court issued an order awarding the mother sole legal and physical custody of the child and ordered, among other things, that the father be given parenting time every other weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m. during the school year, six weeks during the summer break, the entire spring break and specific time during Christmas break. The father appeals, and we affirm.

The record contains a sound and substantial basis to support the conclusion that the custody determination was in the child's best interests.[1] "The best interests analysis entails consideration of such factors as the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Bush v Miller, 136 AD3d 1238, 1239 [2016] [internal quotation marks and citations omitted]).

Evidence was introduced at the hearing establishing that the mother has a stable job, in which she sometimes worked from home, and a home where the child has his own room. In contrast, the father was attempting to start his own business and had just received a 60-day notice of eviction in regard to his residence. Despite knowing about the pending eviction for three months, the father acknowledged that he did not have a post-eviction plan for long-term housing. While both parents admitted that their communication with one another was poor, evidence established

---

[1] The father concedes that a change in circumstances existed that warranted consideration of the child's best interests (see generally Matter of Bush v Miller, 136 AD3d 1238, 1239 [2016]).

that the communication problems were primarily the fault of the father.  For example, the father acknowledged that during exchanges of the child, he kept his head down and did not speak to the mother.  In contrast, the mother testified to her efforts to communicate with the father regarding the child.

The evidence of the parties' ongoing conflicts and inability to communicate regarding the child supports the determination that joint legal custody is not feasible and that the mother should be awarded sole legal custody (see Matter of Rutland v O'Brien, 143 AD3d 1060, 1062 [2016]; Bowman v Engelhart, 112 AD3d 1187, 1188 [2013]).  Further, deferring to Family Court's credibility determinations, the evidence establishing that the mother was better able to provide a stable living environment for the child and would better foster a relationship with the other parent provides a sound and substantial basis to support the physical custody determination (see Matter of Sonley v Sonley, 115 AD3d 1071, 1073 [2014]; Matter of Melody M. v Robert M., 103 AD3d 932, 934 [2013], lv denied 21 NY3d 859 [2013]).

Finally, the father's contention that he received ineffective assistance of counsel is without merit.  The father's assertion that counsel was unfamiliar with the underlying facts of the case because she pursued lines of questioning that Family Court already had knowledge of due to prior proceedings is speculative, and otherwise such questioning does not fall outside of a legitimate trial strategy (see Matter of Destiny C. [Goliath C.], 127 AD3d 1510, 1514 [2015], lvs denied 25 NY3d 911 [2015]).  Moreover, a review of counsel's efforts in introducing evidence, making appropriate objections that were often successful and engaging in appropriate cross-examination of the mother establish that the father received meaningful representation (see Matter of Knight v Knight, 92 AD3d 1090, 1093 [2012]; Matter of Rosi v Moon, 84 AD3d 1445, 1447 [2011]).

Lynch, Rose, Clark and Aarons, JJ., concur.

ORDERED that the amended order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court