*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                    522356
_____

In the Matter of RICHARD Y.,
                    Respondent,

        v

VANESSA Z.,                              MEMORANDUM AND ORDER
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  November 22, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

                    _____

        Lawrence Brown, Bridgeport, for appellant.

        Christopher Hammond, Cooperstown, for respondent.

        Marion J. Cerio, Canastota, attorney for the children.

                    _____

Rose, J.

        Appeal from an order of the Family Court of Madison County
(McDermott, J.), entered December 28, 2015, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unmarried parents of a son (born
in 2004) and a daughter (born in 2005).  Pursuant to a stipulated
custody order entered in 2010, the mother was awarded sole legal
and physical custody of the children and the father was provided
with a schedule of visitation.  In 2014, the father commenced the

first of these modification proceedings seeking sole legal and physical custody of the children, alleging, among other things, that the mother and children had been "kicked out" of a domestic violence shelter and that the children had not been to school in two to four weeks. Thereafter, the mother commenced the second of these proceedings seeking to modify the transportation arrangement concerning the father's visitation time. Following a fact-finding hearing, Family Court awarded sole legal and physical custody to the father and visitation to the mother. The mother now appeals.

We are unpersuaded by the mother's contention that the father failed to establish a change in circumstances warranting a review of the children's best interests. The father's proof established that, since the entry of the prior order, the mother had left an abusive relationship, moved into a shelter with the children and was subsequently asked to leave the shelter when she was allegedly caught visiting the abusive ex-boyfriend. The mother then moved in with a new boyfriend, resulting in the children moving to a new school district and missing approximately three weeks of school. In addition, the son found marihuana in the new boyfriend's jacket, and the father's attempts to address other issues concerning the new boyfriend's behavior toward the children have been met with consistent denials by the mother. This proof, coupled with evidence of a breakdown of meaningful communication between the parties, established a change in circumstances warranting an inquiry into the best interests of the children (see Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [2014], lv dismissed and denied 24 NY3d 937 [2014]; Matter of Gasparro v Edwards, 85 AD3d 1222, 1223 [2011]).

In reviewing Family Court's custody determination, we accord great deference to its factual findings and assessments of credibility, "and we will not disturb its determination unless it lacks a sound and substantial basis in the record" (Matter of Williams v Patinka, 144 AD3d 1432, 1433-1434 [2016] [internal quotation marks and citation omitted]; see Matter of Bradley D. v Andrea D., 144 AD3d 1417, 1419 [2016]; Matter of Burnett v Andrews-Dyke, 140 AD3d 1346, 1348 [2016]). The evidence adduced at the fact-finding hearing established that, despite being

previously subject to a neglect proceeding regarding unsanitary living conditions and engaging in domestic violence in the children's presence, the mother continues to have contact with her abusive ex-boyfriend and recently allowed maggots to fester on unwashed dishes in her home. In addition, the daughter has had repeated bouts with head lice, and Family Court found that this problem likely stems from the mother's unsanitary home. As for her living situation, the mother had been seeing the new boyfriend for only a very brief period of time before she moved herself and the children in with him and, by all accounts, he is an unemployed alcoholic who continues to consume alcohol, suffers from seizures and smokes marihuana on a daily basis. Despite this, and because the mother is away at work for long periods of time, she leaves the children in his care. Significantly, the children have had conflicts with the new boyfriend and, after becoming upset with the son, the boyfriend threatened to evict the mother and the children from his home. In addition, the mother admitted that the children have seen her and the new boyfriend nude on the living room couch after they engaged in "adult time."

Although the father has his own share of shortcomings, the record amply reflects that he is more able to provide a nurturing, safe and stable home environment for the children. Further, we reject the mother's contention that Family Court placed too much weight on the position of the attorney for the children in favor of transferring custody to the father (see Matter of Colona v Colona, 125 AD3d 1123, 1126 [2015]). Thus, after according the appropriate deference to Family Court, we conclude that the determination to award the father sole legal and physical custody is supported by a sound and substantial basis in the record (see Matter of Pena v Lopez, 140 AD3d 967, 968-969 [2016]; Matter of Colona v Colona, 125 AD3d at 1126).

Garry, J.P., Egan Jr., Clark and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court