Pritzker, J.
 

 Appeal from an order of the Family Court of Broome County (Connerton, J.), entered February 2, 2016, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
 

 Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a son (born in 2012). In September 2012, while the father was deployed overseas, he began receiving emails from the mother wherein she expressed signs of depression and suicidal thoughts. Upon returning home, the father filed an emergency petition for sole custody of the child, which was granted. In 2014, Family Court ordered sole custody to remain with the father and provided the mother with a visitation schedule. The mother filed a modification petition in September 2015, seeking joint custody of the children with primary residence to her. Family Court dismissed the mother’s application, keeping sole custody with the father, but expanding the mother’s visitation time. The mother now appeals.
 

 “The party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order” (Matter of David ZZ. v Suzane A., 152 AD3d 880, 881 [2017] [internal quotation marks and citations omitted]). Although Family Court did not make a finding of change in circumstances, this Court, nonetheless, has “the authority to independently review the record to determine whether such circumstances existed” (Matter of Rohde v Rohde, 135 AD3d 1011, 1012-1013 [2016]). The testimony established that, since the last order, the child has developed significant dental needs that have not been addressed by the father, and the child has been bitten by the father’s dog. The mother has also become mentally stable in that she does not take prescription medications or discuss suicide. This testimony, combined with testimony that evinced a breakdown in meaningful communication between the parties, established a change in circumstances (see Matter of Richard Y. v Vanessa Z., 146 AD3d 1050, 1050-1051 [2017]; Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [2014], lv denied and dismissed 24 NY3d 937 [2014]).
 

 As the mother established a change in circumstances, the inquiry turns to whether there is a sound and substantial basis in the record for concluding that it is in the child’s best interest to remain with the father. “In determining what modification of an existing custody order, if any, would best promote a child’s interests, courts consider, among other factors, the child’s need for stability, the parents’ respective home environments, the length of the existing custody arrangement, past parenting performances and each parent’s relative fitness, willingness to foster a positive relationship with the other parent and ability to provide for the child’s intellectual and emotional development” (Matter of Angela N. v Guy O., 144 AD3d 1343, 1345 [2016] [citations omitted]; see Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014 [2015]). At the time the petition was filed, the mother and the father were both employed and owned suitable homes for the child and, therefore, both possessed “sufficient resources to meet the child’s basic needs” (Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1007 [2016]). Moreover, the mother is experiencing improved mental health and, in the opinion of her therapist, is capable of having custody of the child. Nonetheless, the child has resided with the father since shortly after birth. The child’s paternal grandparents live next door and often help the father provide child care. Although the record reveals that the child has been bitten by the father’s dog and has significant dental needs, testimony revealed that the father has taken steps to address these situations. Family Court found that the child is in a stable and loving environment with his father and paternal grandparents and that he is doing well in the home; therefore, it saw no reason to uproot the child beyond the mother’s desire to do so. While the mother testified that she was seeking joint custody, the record is clear that this would not be appropriate based upon the difficulty the parties have communicating with one another, as the testimony established that they do not speak to one another, communicating solely through email. Accordingly, we defer to Family Court’s factual findings and credibility assessments, and, as there is a sound and substantial basis in the record to support the court’s continued grant of sole custody to the father, we affirm (see Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 902 [2017]; Matter of Basden v Faison, 141 AD3d 910, 911 [2016]).
 

 Peters, P.J., Garry, Mulvey and Aarons, JJ., concur.
 

 Ordered that the order is affirmed, without costs.