Matter of Kinne v Byrd (2019 NY Slip Op 03183)





Matter of Kinne v Byrd


2019 NY Slip Op 03183


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


364 CAF 18-01916

[*1]IN THE MATTER OF MATTHEW J. KINNE, PETITIONER-RESPONDENT,
v
AMANDA L. BYRD, RESPONDENT-APPELLANT. 






CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (LAWRENCE D. HASSELER OF COUNSEL), FOR RESPONDENT-APPELLANT. 
PETER J. DIGIORGIO, JR., UTICA, FOR PETITIONER-RESPONDENT. 
MATTHEW A. GOETTEL, RODMAN, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered March 20, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded primary physical custody of the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, modified the parties' existing custody arrangement by awarding petitioner father primary physical custody of the subject child. Contrary to the mother's contention, the father met his burden of establishing the requisite change of circumstances to warrant an inquiry into whether modification of the custody arrangement is in the best interests of the child (see Matter of Greene v Kranock, 160 AD3d 1476, 1476 [4th Dept 2018]). The testimony established that the mother failed to seek any dental treatment for the child until he was four years old and suffering from a severe toothache (see Matter of Owens v Garner, 63 AD3d 1585, 1586 [4th Dept 2009]; see also Matter of Hurlburt v Behr, 70 AD3d 1266, 1268 [3d Dept 2010], lv dismissed 15 NY3d 943 [2010]). When the child was eventually examined by a dentist in August 2016, it was determined that he was at high risk for tooth decay and needed tooth extractions, crowns, and "pulpal therapy." The mother nonetheless failed to seek any treatment for the child's pressing dental problems during the ensuing months. By the time the father became aware of the child's significant dental needs in May 2017, the child was suffering from a toothache that made it difficult for him to eat. We thus conclude that there was a change in circumstances based on the mother's demonstrated lack of concern for the child's dental needs and her failure to timely obtain necessary dental treatment (see Matter of Kvasny v Sherrick, 155 AD3d 1366, 1366-1367 [3d Dept 2017]).
Contrary to the mother's further contention, we conclude that Family Court properly determined that it is in the best interests of the child to modify the parties' existing custody arrangement by awarding the father primary physical custody of the child. The record establishes that the court's determination resulted from a "careful weighing of [the] appropriate factors . . . , and . . . has a sound and substantial basis in the record" (Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018] [internal quotation marks omitted]; see generally Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court