Matter of Denise VV. v Ian VV. (2022 NY Slip Op 03033)

Matter of Denise VV. v Ian VV.

2022 NY Slip Op 03033

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

532920
[*1]In the Matter of Denise VV., Appellant,
v
Ian VV., Respondent. (And Another Related Proceeding.)

Calendar Date:March 21, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Adam H. Van Buskirk, Auburn, for appellant.
Ian VV., Watkins Glen, respondent pro se.
Lisa K. Miller, McGraw, attorney for the children.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Schuyler County (Hayden, J.), entered January 20, 2021, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the two subject children (born in 2003 and 2006). The mother's substance abuse and legal troubles resulted in an April 2019 custody order granting the parties joint legal custody of the children, awarding the father primary physical custody of the children and granting the mother supervised parenting time for a minimum of four hours.[FN1] The mother filed two petitions — a modification petition seeking either primary placement of the children or an increase in her parenting time, and a violation petition. Following a fact-finding hearing and a Lincoln hearing, Family Court, among other things, continued sole legal and primary physical custody of the children to the father, granted the mother expanded unsupervised parenting time and dismissed the violation petition, without prejudice. The mother appeals.[FN2]
"A party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Leah V. v Jose U., 195 AD3d 1120, 1121 [2021] [internal quotation marks and citations omitted]; see Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1291-1292 [2019]). As provided in the April 2019 order, the mother's resolution of her criminal matters, her successful completion of substance abuse treatment, and her compliance with mental health treatment recommendations constituted a change in circumstances. Accordingly, Family Court preceded to conduct a best interests analysis, which involves "the consideration of factors such as the past performance and relative fitness of the parents, their willingness to foster a positive relationship between the child[] and the other parent, their fidelity to prior court orders and their ability to both provide a stable home environment and further the child[]'s overall well-being" (Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [2020] [internal quotation marks and citations omitted]; see Matter of Turner v Turner, 166 AD3d 1339, 1339 [2018]). "Although the child[]'s desires are considered as part of the best interests analysis, they are but one factor to be considered and should not be considered determinative" (Matter of Jacob WW. v Joy XX., 180 AD3d 1154, 1156 [2020] [internal quotation marks and citations omitted]; see Matter of Lorimer v Lorimer, 167 AD3d 1263, 1265 [2018], appeal dismissed and lv denied 33 NY3d 1040 [2019]).
The mother contends that the custody determination was not in the best interests of the child and lacks a sound and substantial basis in the record. [*2]The hearing testimony established that the mother has overcome her legal difficulties, is currently in successful recovery with reference to her substance abuse issues and continues to voluntarily attend counseling at an outpatient clinic continuing care program.[FN3] The record further reveals that the mother continues to reside in the home where the child grew up, has stable employment, owns a vehicle and has a legal driver's license allowing her to be involved in the child's school activities and to have the child overnight and for extended periods of time. The mother opines that now that she has her life back in order, custody and placement should resume as it was before — with the child being returned to her, where he has spent a majority of his life and has attended school.
The father testified and described his living arrangements where the child has lived with him, his stepmother and half sibling since July 2018. He averred that the child is doing well in school, is involved in extracurricular activities and has developed friendships in his new community. According to the father, at one point the child experienced bed-wetting problems, which he believes were related to visits with the mother, but this matter has since been resolved. Considering the record as a whole, although the mother has made tremendous strides in dealing with her substance abuse and mental health issues, the father has provided much needed stability when the child needed it and has continued to do so, and the child is in a suitable, loving environment with his father. We agree with Family Court that joint legal custody is not appropriate, as the mother did not seek legal custody in her petition and the parties are unable to communicate with one another in a meaningful and effective manner and do not work well together in a cooperative fashion for the benefit of the child (see Matter of Nicole V. v Jordan U., 192 AD3d 1355, 1358 [2021]; Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1168 [2020]; Matter of Crystal F. v Ian G., 145 AD3d 1379, 1382 [2016]). Based on the foregoing, and according deference to Family Court's credibility assessments, there is a sound and substantial basis in the record to support the court's finding that it was in the child's best interests to continue sole legal and physical custody to the father (see Matter of Jacob WW. v Joy XX., 180 AD3d at 1158; Matter of Kvasny v Sherrick, 155 AD3d 1366, 1367-1368 [2017]; Matter of Knox v Romano, 137 AD3d 1530, 1532 [2016]).[FN4]
As to the modified parenting time schedule, the record provides the requisite sound and substantial basis for Family Court's determination that the father has granted the mother virtually no additional or further parenting time with the child. Therefore, the court provided the mother regular and frequent access to the child by awarding her alternate weekends, a weekday overnight and two nonconsecutive, uninterrupted weeks of vacation. Accordingly, "[w]e find that the [*3]modified arrangement was well within the court's broad discretion in fashioning a parenting schedule that is in the best interests of the child[]" (Matter of Jennifer VV. v Lawrence WW., 186 AD3d at 950 [internal quotation marks and citations omitted]; see Matter of LaBaff v Dennis, 160 AD3d 1096, 1097-1098 [2018]). As a final matter, although the attorney for the child requested certain affirmative relief not sought by the mother, since she did not file a notice of appeal, she is barred from seeking such relief (see Matter of Carrie ZZ. v Aaron YY., 178 AD3d at 1293; Matter of Hoppe v Hoppe, 165 AD3d 1422, 1426 n [2018], lvs denied 32 NY3d 912, 913 [2019]; Matter of Durgala v Batrony, 154 AD3d 1115, 1118 [2017]).
Garry, P.J., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The order further provided that if the mother became incarcerated, the father would be granted sole legal custody of the children. As the mother was incarcerated, sole legal custody was transferred to the father.

Footnote 2: As the older child turned 18 years old during the pendency of this appeal, the mother's appeal is limited to the younger child (see Matter of Roth v Messina, 116 AD3d 1257, 1258 n 2 [2014]; Matter of Knight v Knight, 92 AD3d 1090, 1092 n 1 [2012]).

Footnote 3: The mother's counselor confirmed the mother's completion of and her voluntary attendance at the continuing care program.

Footnote 4: Though not determinative, we note that Family Court's determination was consistent with the position advocated by the attorney for the child (see Matter of Melissa MM. v Melody NN., 169 AD3d 1280, 1283 [2019]; Scott Q. v Joy R., 151 AD3d 1206, 1209 n [2017], lv denied 29 NY3d 919 [2017]).