Matter of Daniel QQ. v Erin RR. (2022 NY Slip Op 03786)

Matter of Daniel QQ. v Erin RR.

2022 NY Slip Op 03786

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

533682
[*1]In the Matter of Daniel QQ., Appellant,
v
Erin RR., Respondent. (And Two Other Related Proceedings.)

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Christopher Hammond, Cooperstown, for appellant.
Lisa K. Miller, McGraw, attorney for the children.

Aarons, J.
Appeals from two orders of the Family Court of Schuyler County (Miller, J.), entered November 9, 2020 and June 4, 2021, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2006). Pursuant to a January 2018 order, the mother had sole legal and physical custody of the children. The January 2018 order further provided, among other things, that the children would continue with counseling until successfully discharged and required that the parents follow through with any recommendations by the counselor. In addition, the children and the father were to have joint counseling with the goal of resuming normal visitation between them. In August 2019, the father filed a modification petition and an enforcement petition. Fact-finding and Lincoln hearings ensued, during the course of which the mother, without objection, commenced a modification proceeding. At the close of the father's proof, Family Court dismissed the enforcement petition. Following the conclusion of the hearings, the court dismissed the father's modification petition and granted the mother's petition. In so doing, the court, among other things, suspended joint counseling between the father and the children. The father appeals.
A party seeking to modify a prior custody order bears the threshold burden of proving a change in circumstances since the entry thereof so as to trigger an analysis into the best interests of the children (see Matter of Jorge JJ. v Erica II., 191 AD3d 1188, 1190 [2021]; Matter of Ronald EE. v Crystal F., 180 AD3d 1160, 1161 [2020], lv denied 35 NY3d 908 [2020]). Family Court found that a change in circumstances existed due to, among other things, the father's incarceration and the children's completion of therapy. The testimony from the fact-finding hearing discloses that, following the entry of the January 2018 order, the father was incarcerated as a consequence of a conviction for driving while intoxicated. The children's counselor testified that the children were successfully discharged from counseling and that they reached a point where they could self-advocate for their wishes. Accordingly, the record soundly supports the court's finding of a change in circumstances (see Matter of Anthony YY. v Emily ZZ., 189 AD3d 1924, 1924-1925 [2020]; Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1038-1039 [2018]; Matter of Rohde v Rohde, 135 AD3d 1011, 1013 [2016]; Matter of Breitenstein v Stone, 112 AD3d 1157, 1158 [2013]).
Regarding the best interests of the children, the father challenges Family Court's determination suspending his joint counseling sessions with the children. The record reveals that, notwithstanding the efforts and encouragement of the mother, the children refused to attend the joint counseling sessions with the father. [*2]The children's counselor testified that he raised the idea of joint counseling with the father to the children but that the children were not interested. The counselor further testified that the children "would be set off" by any mention of joint counseling and that he did not want to destroy the rapport with them by bringing it up. The counselor described the children as "very mature" and stated that they had developed the ability to self-advocate effectively, were good at communicating their needs and had sound judgment. The mother likewise stated that the children were proud of themselves for learning to self-advocate. The counselor opined that the father and the children "should not be forced together" and that expediting a relationship between them will cause trauma to the children.
In finding that, "at present[,] it would be detrimental to the [children] and would cause more trauma to force them into joint counseling with the father," Family Court credited the testimony of the counselor. The court also found that the mother was a credible witness but the father was not. Taking into account the testimony from the Lincoln hearings and deferring to the court's assessment of witness credibility (see Matter of Michelle B. v Angelo C., 189 AD3d 1907, 1909 [2020]), the court's determination has a sound and substantial basis in the record (see Hogan v Hogan, 159 AD3d 679, 681-682 [2018]; Matter of Rohde v Rohde, 135 AD3d at 1013; Matter of VanBuren v Assenza, 110 AD3d 1284, 1285 [2013]; Matter of Mohammed v Cortland County Dept. of Social Servs., 186 AD2d 908, 908-909 [1992], lv denied 81 NY2d 706 [1993]). The father's remaining contentions have been considered and are unavailing.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the orders are affirmed, without costs.