*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017          522111
_____

In the Matter of AMANDA L.
    SNOW,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

STEVEN D. DUNBAR,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  January 11, 2017

Before:  McCarthy, J.P., Garry, Lynch, Rose and Aarons, JJ.

                    _____

        Felasco & Cuomo, PLLC, Dewitt (Lucille M. Rignanese of
counsel), for appellant.

        Woodman & Getman, Waterville (William H. Getman of
counsel), for respondent.

        William Koslosky, Utica, attorney for the children.

                    _____

Aarons, J.

        Appeal from an order of the Family Court of Madison County
(DiStefano, J.), entered March 25, 2015, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the parties'
children.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unmarried parents of a daughter
(born in 2009) and a son (born in 2011).  The mother and father

were previously engaged, but their relationship eventually faltered and they never got married. The parties lived in the same residence until June 2013, when the mother moved out to reside with her now husband. Also in June 2013, the mother petitioned for custody of the children. The father cross-petitioned for joint legal custody and primary physical custody of the children, unless the mother moved in, or near, the City of Oneida, Madison County, in which case the father sought joint legal and physical custody of the children. The parties shared custody of the children under an informal arrangement and, following a trial, Family Court awarded the parties joint legal custody of the children, granted primary physical custody of the children to the mother and set forth a visitation schedule for the father. The father appeals. We affirm.

In making an initial custody determination, Family Court's primary concern is the best interests of the children, "which involves consideration of factors including the parents' past performance and relative fitness, their willingness to foster a positive relationship between the children and the other parent, as well as their ability to maintain a stable home environment and provide for the children's overall well-being" (Matter of Lawton v Lawton, 136 AD3d 1168, 1169 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Gentile v Warner, 140 AD3d 1481, 1482 [2016]; Matter of Kayla Y. v Peter Z., 125 AD3d 1126, 1127 [2015]). "[W]e accord great deference to Family Court's credibility assessments and factual findings, and will not disturb its determination if supported by a sound and substantial basis in the record" (Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1110 [2014]; see Matter of Windom v Pemberton, 119 AD3d 999, 999 [2014]; Matter of Melissa K. v Brian K., 72 AD3d 1129, 1131 [2010]).

Although Family Court was tasked with choosing between two less than perfect parents, the record evidence reveals that both parties are capable of caring for the children. The mother had some financial issues and a history of substance abuse for which she received treatment at a facility. The mother's financial struggles, however, did not rise to the level of "chronic financial difficulties" such that it negatively affected the children (Matter of Breitung v Trask, 279 AD2d 677, 679 [2001]).

Furthermore, Family Court found that the mother's use of illicit substances was too remote in time so as to be "irrelevant." Despite the mother's shortcomings, she had performed most of the housework while residing with the father and has been the primary caretaker of the children since their birth. With her husband, the mother provided suitable housing for the children. The mother also had a flexible work schedule and a very close relationship with her mother, who would help take care of the children.

Regarding the father, the record evidence indicates that he read books, played, danced and watched movies with the children and that, when together, he would devote his attention to them. The mother, however, provided a contrasting picture of the father's interactions with the children and testified that the father would often sleep or watch television when he was at home with them. The mother also testified as to the father's control issues while they resided together. According to the mother, the father deprived her of access to the family's finances, directed her on how to clean the floors or what clothes to wear and became upset when she did not return his phone calls. The mother further testified as to the uncleanliness of the father's house after she moved out and that the father made the daughter "pink[y] swear" that she would be nice to the mother's husband so that the husband would not hurt her.

To the extent that the father disputed the mother's testimony, it presented a credibility determination for Family Court's resolution (see Matter of William BB. v Melissa CC., 136 AD3d 1164, 1166 [2016]; Matter of Jeker v Weiss, 77 AD3d 1069, 1071 [2010]). Furthermore, given Family Court's superior position to evaluate and observe the demeanor of the witnesses (see Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515 [2015]), we find no fault with Family Court's assessment that the father initially presented himself "in an exemplary fashion" but, upon cross-examination, his "presentation began to unravel."

In view of the foregoing, we conclude that Family Court's determination that the father's control issues did not make shared physical custody feasible and that the mother, who took care of the children's day-to-day needs, would better promote the

intellectual and emotional development of the children stemmed from an examination of the relevant factors involved in determining the best interests of the children and was supported by a sound and substantial basis in the record (see Matter of Gentile v Warner, 140 AD3d at 1483; Matter of Raynore v Raynore, 92 AD3d 1167, 1169 [2012]; Matter of Danielle TT. v Michael UU., 90 AD3d 1103, 1104 [2011]; Matter of Morrow v Morrow, 2 AD3d 1225, 1226-1227 [2003]).  Accordingly, we discern no basis to disturb the award of primary physical custody of the children to the mother.

McCarthy, J.P., Garry, Lynch and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court