■ In the Matter of KATHY GARCIA, Appellant, v ANTHONY ZINNA, Respondent. [51 NYS3d 660]—

Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 8, 2015, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the married, but separated, parents of a daughter (born in 2002). In 2009, the child began residing with the father after she was removed from the mother's care following an investigation of the mother and her then-boyfriend by Child Protective Services regarding, among other issues, allegations of domestic violence. A neglect proceeding was commenced against the mother and, in January 2010, Family Court awarded the father sole legal and primary physical custody of the child, with a schedule of visitation for the mother. In May 2015, the mother commenced this modification proceeding seeking joint legal and primary physical custody of the child. Following fact-finding and *Lincoln* hearings, Family Court awarded the parties joint legal custody, but maintained primary physical custody with the father and granted liberal visitation to the mother. The mother now appeals, arguing that Family Court erred in denying her request for primary physical custody of the child.

Although we agree with the mother that her proof concerning the child's recent emotional issues and her own participation in domestic violence and mental health counseling since the child's removal from her home in 2009 constitute a change in circumstances warranting a best interests analysis (*see Matter of Williams v Patinka*, 144 AD3d 1432, 1432-1433 [2016]), we are unpersuaded by her contention that Family Court's award of primary physical custody to the father lacks a sound and substantial basis in the record. Instead, our review of the record confirms Family Court's finding that the father has done

a good job of caring for the child and has permitted the child to spend substantial time with the mother outside of the confines of the schedule set forth in the January 2010 order. Although the mother testified that, if given primary physical custody, she would foster a relationship between the child and the father, the record reflects the mother's lack of credibility in this respect based upon her past attempts to sever the child's relationship with the father. In addition, it is readily apparent from the record that, while the father has a stricter parenting style than the mother, the child is provided with more structure at the father's home, and the father has demonstrated the greater ability to guide and provide for the child's overall well-being. Further, Family Court found that once the father became aware of certain facts concerning the child's emotional issues, which the mother and the child had withheld from him, he supported the child's mental health counseling and participated in sessions with the mother and the child.

Finally, "[w]e note that, while the child's wishes are to be taken into account, her preference to reside with the mother, as expressed by the attorney for the child, is not dispositive" (*Matter of Bradley D. v Andrea D.*, 144 AD3d 1417, 1419 [2016]; *see Matter of Holleran v Faucett*, 143 AD3d 1205, 1206 [2016]). Thus, after considering the record as a whole and according deference to Family Court's factual findings and credibility determinations (*see Matter of Richard Y. v Vanessa Z.*, 146 AD3d 1050, 1051 [2017]), we discern no basis upon which to disturb Family Court's determination to continue primary physical custody with the father.

Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.