Lynch, J.
Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered February 29, 2016, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2002, 2006 and 2011). The mother and father lived together with the children in Ulster County until late 2014, when the mother took the three children to live in a domestic violence shelter located in Dutchess County. In January 2015, the children began residing with the father again and the mother also returned to the father’s residence for approximately one month while she *1423 recuperated from a surgery. In March 2015, the mother returned to the shelter in Dutchess County and the father filed an emergency petition for custody of the children. Thereafter, the mother filed a custody petition in Dutchess County, which was transferred to Ulster County. In April 2015, Family Court awarded temporary custody to the father, with supervised parenting time to the mother. A fact-finding hearing was conducted over two days in August 2015, and Family Court conducted a Lincoln hearing with each of the children. Family Court awarded sole legal and primary physical custody of the children to the father, and granted the mother unsupervised parenting time and full access to the children’s medical and educational records. The mother now appeals.
Our “primary concern in an initial custody determination is the best interests of the children. This determination is made by reviewing such factors as maintaining stability for the child[ren], the child [ren’s] wishes, the home environment with each parent, each parent’s past performance, relative fitness, ability to guide and provide for the child [ren’s] overall well-being, and the willingness of each parent to foster a relationship with the other parent” (Matter of Lilly NN. v Jerry OO., 134 AD3d 1312, 1313 [2015] [internal quotation marks and citations omitted]). “[W]e accord great deference to Family Court’s credibility assessments and factual findings, and will not disturb its determination if supported by a sound and substantial basis in the record” (Matter of Snow v Dunbar, 147 AD3d 1242, 1243 [2017] [internal quotation marks and citation omitted]). Deference is especially warranted “where, as here, the court was faced with the difficult task of choosing between two less than perfect parents” (Matter of Greenough v Imrie, 140 AD3d 1365, 1365 [2016] [internal quotation marks and citation omitted]).
The evidence at the fact-finding hearing revealed that both parents endeavored to provide for the children. The father was living in a hotel with the children but had plans to move into an apartment. Similarly, the mother was living in the shelter but planned to move into an apartment with her paramour. Although the father testified that the paramour sexually abused the oldest child, an investigation by Child Protective Services determined that this claim was unfounded. Both parents testified that they planned to move outside of the area served by the school district where the children had been attending school. The mother was not employed. The father worked as a certified nursing assistant, but his testimony was not clear with regard to how many hours he worked each week. The *1424 father explained that he had friends who would help care for the children if he was working, and if they were not at school or day care.
It is not disputed that the mother was the children’s primary caregiver before the parties separated. She was able to testify with regard to the schools that the children attended and their teachers, but the father was not. He explained, in effect, that it was not until he assumed custody of the children that he needed to pay attention to such things. According to the mother, the father had been physically and emotionally abusive to her throughout their marriage, often in the presence of the children. According to the father, the mother suffered from various mental illnesses. On this point, the mother confirmed that she was being treated for depression and posttraumatic stress disorder and that she was once hospitalized for her mental illness. She attributed her condition to the father’s emotional and physical abuse over the years. Neither party submitted any medical evidence.
On this record, we are unable to conclude that Family Court’s determination was without sound and substantial support in the record. To their credit, each parent testified that the other was capable. In our view, both parents’ testimony was frequently evasive and defensive, both parents had obvious shortcomings and neither had an ideal plan for the children. The parties’ continuing inability to communicate, a fact not disputed by the mother, supported the court’s determination that joint legal custody was not feasible (see Matter of Berezny v Raby, 145 AD3d 1356, 1358 [2016]; Matter of Smithey v McAbier, 144 AD3d 1425, 1426 [2016]; Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1111 [2014]). Family Court’s task was a difficult one and, when we consider and defer to its superior ability to assess and observe the parents’ credibility and demeanor, we decline to disturb its determination to award sole legal and primary physical custody to the father with parenting time to the mother (see Matter of Smithey v McAbier, 144 AD3d at 1426; Matter of Kayla Y. v Peter Z., 125 AD3d 1126, 1128 [2015]; Matter of Morrow v Morrow, 2 AD3d 1225, 1226-1227 [2003]).
Egan Jr., J.P., Rose, Clark and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.