■ In the Matter of Gregory Paluba, Respondent, v Alisa Paluba, Appellant. (Proceeding No. 1.) In the Matter of Alisa

Paluba, Appellant, v Gregory Paluba, Respondent. (Proceeding No. 2.) (And Two Other Related Proceedings.) [58 NYS3d 719]—

Devine, J. Appeal from an order of the Family Court of Rensselaer County (E. Walsh, J.), entered October 23, 2015, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, for joint custody of the parties' child.

Alisa Paluba (hereinafter the mother) and Gregory Paluba (hereinafter the father) are the parents of a child (born in 2012). Following a combined hearing on proceedings that included custody petitions filed by each parent, Family Court issued an order in October 2015 granting the parties joint legal and shared physical custody of the child with a specified parenting schedule. The mother now appeals from that order.*

Initially, we do not agree with the father and the attorney for the child that this appeal was rendered moot by a consent order issued in February 2016. The February 2016 order did nothing beyond "modif[ying] and superced[ing]" the prior orders to direct the mother to take certain steps before taking the child to visit family in Canada. The underlying violation petition, of which we take judicial notice, is also narrowly focused upon the Canadian travel issue. Inasmuch as a later alteration to a sliver of the custodial arrangement "does not establish that the mother relinquished her right to pursue this" appeal directed toward the superstructure of that arrangement, we proceed to the merits (*Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]; *see Hughes v Gallup-Hughes*, 90 AD3d 1087, 1088 [2011]; *cf. Matter of Mosier v Cole*, 129 AD3d 1346, 1347-1348 [2015]).

Upon the merits, the focus in an initial custody determination such as this one is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Charles I. v Khadejah I.*, 149 AD3d 1422, 1423 [2017]). A court may discern those interests by examining factors including each parent's past performance and current fitness, as well as

---

* Family Court directed the attorney for the child to submit a separate order containing "a simple reference to the [c]ourt's decision," and it appears that another order was issued in December 2015. To the extent that the mother was required to appeal from that order as well as the one at issue here, we will exercise our discretion and view her appeal as having been taken from both (*see* CPLR 5520 [c]; *Matter of Angela F. v Gail WW.*, 146 AD3d 1248, 1250 n 2 [2017]).

his or her ability to maintain a stable home environment, provide for the child's overall well-being and foster a relationship between the child and the noncustodial parent (*see Matter of Charles I. v Khadejah I.*, 149 AD3d at 1423; *Matter of Snow v Dunbar*, 147 AD3d 1242, 1243 [2017]). The credibility assessments and factual findings made by Family Court in the course of a best interests analysis are entitled to deference, and we will not disturb the resulting custody determination unless it lacks a sound and substantial basis in the record (*see Matter of Spoor v Carney*, 149 AD3d 1209, 1210 [2017]; *Matter of Snow v Dunbar*, 147 AD3d at 1243).

The mother does not focus upon the award of joint legal custody and, in any event, she and the father testified to normally being able to communicate for the benefit of the child (*see Matter of Ryan v Lewis*, 135 AD3d 1135, 1136-1137 [2016]). As for the question of physical placement, the parties live with their respective parents and each maintains a stable living environment for the child. The child has a loving relationship with both parties and her grandparents as well as, in the father's case, her half sister. The mother was concerned by what Family Court aptly categorized as "rigid behaviors and bizarre humor" on the part of the father. That being said, Family Court credited the testimony of the father and the paternal grandparents that cast doubt as to whether some troubling behavior occurred and portrayed concerns as to the rest as overblown. Family Court accordingly found, after grappling with the relevant factors in a thorough decision, that a shared physical custody arrangement was in the child's best interests. In view of the foregoing, and seeing no reason to forgo the usual deference to which the credibility determinations of Family Court are entitled, we find a sound and substantial basis in the record to support Family Court's award of custody (*see Matter of Manell v Manell*, 146 AD3d 1107, 1109-1110 [2017]; *Matter of Bailey v Blair*, 127 AD3d 1274, 1276-1277 [2015]).

McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur. Ordered that the order is affirmed, without costs.