Egan Jr., J.P.
 

 Appeal from an order of the Family Court of Broome County (Miller II, J.), entered February 3, 2016, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ child.
 

 Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unwed parents of a child (born in 2005). In November 2014, the parties separated after living together for approximately 11 years. Upon separation, and following mediation, the parties entered into an informal custody arrangement whereby they agreed to equally share parenting time over the course of every two-week period, with the child alternating between the two households every two to three days. In May 2015, the mother commenced the instant proceeding seeking primary physical custody of the child. The father cross-petitioned seeking enforcement of the parties’ informal custody arrangement or, in the alternative, primary physical custody of the child. Following a fact-finding hearing, Family Court awarded the parties joint legal custody of the child, granted primary physical custody of the child to the mother and provided the father with visitation during alternate weekends, one afternoon each week during the school year, and holidays and summer vacation to be shared equally. The father now appeals. We affirm.
 

 In rendering an initial custody determination, the paramount concern for Family Court is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Paluba v Paluba, 152 AD3d 887, 888 [2017]). In making a best interests determination, Family Court must consider a variety of factors, including “the parents’ past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child’s overall well-being” (Matter of Paul CC. v Nicole DD., 151 AD3d 1235, 1236 [2017] [internal quotation marks and citation omitted]). In light of the child’s age at the time of the fact-finding hearing, her preference is an additional factor to be taken into account, but is not dispositive (see Matter of Garcia v Zinna, 149 AD3d 1185, 1186 [2017]; Matter of Rivera v LaSalle, 84 AD3d 1436, 1439 [2011]). Given the superior position of Family Court to observe and evaluate the testimony, great deference is accorded to its credibility assessments and factual findings, and we will not disturb its custody determination so long as it is supported by a sound and substantial basis in the record (see Matter of Paluba v Paluba, 152 AD3d at 889; Matter of Basden v Faison, 141 AD3d 910, 912 [2016]).
 

 Upon review of the record, both parties are on relatively equal footing with regard to their housing arrangements, as well as their ability to financially provide for the child. The mother works full time as a unit secretary and the father collects workers’ compensation payments as a result of a work-related knee injury. With respect to the issue of relative fitness, the record reflects that the mother and the father each have demonstrated various strengths and weaknesses over the years. The mother acknowledged that she suffers from depression and formerly took medication to treat same. In addition, both parties indicated that they frequently argued with each other in the presence of the child and both admitted to resorting to corporal punishment on occasion as a form of discipline. Notwithstanding these shortcomings, the testimony revealed that the child clearly has a loving relationship with each parent and both parents indicated a willingness to work with the other to foster a relationship between the child and the other parent. In terms of stability, however, Family Court clearly gave significant weight to the fact that, by providing the mother with primary physical custody, the child would be able to continue to live in the same house that she has lived for her entire life and maintain her enrollment in the same school district that she has always attended (see Matter of Christina MM. v George MM., 103 AD3d 935, 937 [2013]). Such a factor is particularly significant in light of fact-finding testimony indicating that, upon the parties’ separation, the child missed 11 to 13 days of school and was having difficulty with the parties’ separation.
 

 We find nothing in the record, however, establishing that Family Court gave undue weight to the child’s preferences or the recommendation of the attorney for the child inasmuch as there was ample support outside the stated preferences of the child supporting its determination (see Matter of Colona v Colona, 125 AD3d 1123, 1126 [2015]). Nor do we find that Family Court’s factual recitation in support of its determination was deficient as "the underlying rationale for its determination may be [independently] discerned from the record” (Matter of Michael YY. v Michell ZZ., 149 AD3d 1284, 1285 [2017]). In any event, to the extent that Family Court’s fact-finding is lacking, the record is sufficiently replete to allow this Court to make its own factual findings (see id.; Matter of Knight v Knight, 92 AD3d 1090, 1091 [2012]). Accordingly, giving the requisite deference to Family Court’s credibility assessments, we find that its custody determination and award of parenting time is supported by a sound and substantial basis in the record (see Matter of Basden v Faison, 141 AD3d at 912).
 

 Lynch, Rose and Mulvey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.