Matter of Turner v Turner (2018 NY Slip Op 07988)





Matter of Turner v Turner


2018 NY Slip Op 07988


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

525425

[*1]In the Matter of CHAD B. TURNER, Respondent,
v
MARTHA A. TURNER, Appellant.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Pamela Bleiwas, Ithaca, for appellant.
Amanda FiggsGanter, Albany, for respondent.
Pamela Doyle Gee, Big Flats, attorney for the child.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered June 15, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2005). In October 2014, an order of custody on stipulation was entered providing for joint legal custody with primary physical custody to the mother and parenting time for the father every Wednesday afternoon until 7:30 and on alternating weekends. In March 2017, the father filed a modification petition seeking sole physical custody alleging, among other things, that there had been a change in circumstances due to the mother's move to a residence that would necessitate that the child change school districts. After a fact-finding hearing and Lincoln hearing, Family Court granted the father's petition by ordering alternate weekly placement, with the parent not having custody to get Wednesday visitation. The mother appeals.
"A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that would then warrant the court undertaking a best interests analysis in the first instance; assuming [*2]this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child[]'s continued best interests" (Matter of LaBaff v Dennis, 160 AD3d 1096, 1096 [2018] [internal quotation marks, brackets and citations omitted]). The mother's move to a home located in a new school district and the child's openly-stated preference to maintain her enrollment in the school district that she has always attended established a change in circumstances that warrant a best interests analysis (see Matter of Imrie v Lyon, 158 AD3d 1018, 1019 [2018]; Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]; Matter of Roefs v Roefs, 101 AD3d 1185, 1185-1186 [2012]).
Turning to the best interests analysis, the relevant factors include " the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Whetsell v Braden, 154 AD3d 1212, 1213 [2017] [internal quotation marks and citation omitted]). Although not determinative, the wishes of the child are entitled to considerable weight, in light of her age (see id.; Matter of Barner v Hampton, 132 AD3d 1098, 1100 [2015]; Matter of McGovern v McGovern, 58 AD3d 911, 915 [2009]). Family Court noted that the child had expressed a preference to remain in the same school district and, further, to have equal time with both parents. Family Court found that, although the parents do not communicate well with each other, both are devoted and fit parents who enjoy a strong relationship with the child and are on relatively equal footing with regard to their housing arrangements and work schedules, as well as their financial ability to provide for the child. Family Court also properly considered the child's expressed preference and the fact that a schedule of equally-shared parenting time would permit the child to remain in the existing school district with her friends [FN1]. Accordingly, we find that Family Court's custody determination and award of parenting time has sound and substantial support in the record (see Matter of Whetsell v Braden, 154 AD3d at 1214).
McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The attorney for the child on appeal represented that the child authorized her to disclose that she is enjoying the alternate-week placement that was imposed by the June 2017 order and that she would like it to continue.