Matter of Patricia RR. v Daniel SS. (2019 NY Slip Op 03412)





Matter of Patricia RR. v Daniel SS.


2019 NY Slip Op 03412


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526120

[*1]In the Matter of PATRICIA RR., Appellant,
v
DANIEL SS., Respondent. (And Another Related Proceeding.)

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


William V. O'Leary, Albany, for appellant.
Aaron A. Louridas, Delmar, for respondent.
Sandra M. Colatosti, Albany, attorney for child.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Albany County (Kushner, J.), entered December 5, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unwed parents of a child (born in 2016). The mother petitioned for custody a few months after the child's birth, then the father did so. The parties could not agree on a permanent custody and visitation scheme, and the petitions proceeded to a fact-finding hearing. Family Court thereafter issued a decision and implementing order that, among other things, awarded the parties joint legal and shared physical custody of the child, specified a schedule for parenting time and directed the parties to engage in co-parenting counseling. The mother appeals, and we now affirm.
In rendering an initial custody determination, Family Court gauges the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Lorimer v Lorimer, 167 AD3d 1263, 1264 [2018]; Matter of Shirreece AA. v Matthew BB., 166 AD3d 1419, 1421 [2018]). The best interests analysis involves " a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Shirreece AA. v Matthew BB., 166 AD3d at 1421; see Matter of Lorimer v Lorimer, 167 AD3d at 1264). Inasmuch as Family Court is in a superior position to evaluate witness credibility, we defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record (see [*2]Matter of Lorimer v Lorimer, 167 AD3d at 1264; Matter of Shirreece AA. v Matthew BB., 166 AD3d at 1421; Matter of Paluba v Paluba, 152 AD3d 887, 889 [2017]).
To the extent that the mother now challenges the award of joint legal custody, the parties have had disagreements and conflicts, but are willing to communicate and engage in counseling to improve that communication, and we defer to Family Court's assessment that their relationship is not so acrimonious as to render the award unworkable (see Ehrenreich v Lynk, 74 AD3d 1387, 1388-1389 [2010]; Webster v Webster, 283 AD2d 732, 734-735 [2001]). As for the award of shared physical custody, the child was primarily cared for by the mother during the pendency of these proceedings, with the father also involved to a significant degree. No concerns were raised with regard to the living arrangements of either parent. Family Court further concluded that both parents were fit and, in so doing, implicitly determined that the mother's concerns about the father were overstated. For example, the father expressed skepticism as to some aspects of the child's medical care, but he was also actively involved in that care, discussed his concerns with a treating physician and admitted that he should not have administered one of the child's prescription medications as needed rather than as prescribed (cf. Matter of Davis v Church, 162 AD3d 1160, 1161 [2018], lvs denied 32 NY3d 905, 906 [2018]). Likewise, the mother does not get along with the father's sister, who provided child care when the father was working, but there was little indication that the sister's care was inadequate and the father was willing to make other child care arrangements if the mother remained uncomfortable. In our view, the foregoing provides a sound and substantial basis for the finding that a shared custody arrangement was in the child's best interests (see Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1172 [2019]; Matter of Paluba v Paluba, 152 AD3d at 889; Matter of Kent v Ordway, 125 AD3d 1203, 1205 [2015]). Thus, Family Court's custody award will not be disturbed.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.