Matter of Dennis F. v Laura G. (2019 NY Slip Op 08456)





Matter of Dennis F. v Laura G.


2019 NY Slip Op 08456


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

525606

[*1]In the Matter of Dennis F., Appellant,
v
Laura G., Respondent.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Karen Judd, Glens Falls, for respondent.
Pamela M. Babson, Saratoga Springs, attorney for the child.



Garry, P.J.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered August 24, 2017, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2009). The parents, both of whom lived in Warren County, shared joint legal and physical custody of the child pursuant to an April 2016 order entered upon the parties' consent, which provided, among other things, that the child would "attend [a specified parochial school] . . . so long as the mother is able to cover the cost which shall be her sole responsibility." The child had previously attended public school in the Lake George School District. The order also permitted either parent to relocate within Warren, Washington or Saratoga Counties. The mother subsequently relocated to the Town of Cambridge, Washington County, located approximately one hour from the father's residence. As she was ultimately unable to pay for the specified private school, the mother thereafter enrolled the child in public school in Cambridge. In January 2017, the father petitioned for modification of the April 2016 order, seeking sole legal and primary physical custody of the child.
Following a trial and a Lincoln hearing, Family Court, among other things, maintained joint legal custody, awarded the mother primary physical custody during the school year, set forth a detailed schedule of parenting time, provided additional direction with respect to scheduling and decision-making related to the child's medical and educational needs, prohibited either party from relocating the child outside of her current school district without the other parent's consent, and ordered the mother to enroll in a "Parenting Apart" program. The father appeals. The attorney for the child supports the father's appeal.
Although Family Court did not expressly find a change in circumstances subsequent to the prior custody order, the mother does not dispute that the increased distance between the parents' residences justified Family Court's inquiry into the prior order and the child's best interests. In any event, this Court has independent authority to consider this threshold inquiry (see Matter of Payne v Montano, 166 AD3d 1342, 1344 [2018]), and we find that a change in circumstances was established by the need for additional travel time and the parents' admitted difficulty communicating about issues concerning the child (see Matter of Jennifer D. v Jeremy E., 172 AD3d 1556, 1557 [2019]; Matter of David ZZ. v Suzane A., 152 AD3d 880, 881 [2017]; Matter of Colvin v Polhamus, 145 AD3d 1350, 1351 [2016]). Accordingly, our inquiry distills to whether Family Court abused its discretion in determining that modification of the custody arrangement was in the child's best interests (see Matter of Jennifer D. v Jeremy E., 172 AD3d at 1557).
In determining the best interests of the child, Family Court must consider factors including "the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (Matter of Whetsell v Braden, 154 AD3d 1212, 1213 [2017] [internal quotation marks and citations omitted]; accord Matter of Turner v Turner, 166 AD3d 1339, 1339-1340 [2018]). Family Court "is afforded broad discretion in this regard, and its determination will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Jennifer D. v Jeremy E., 172 AD3d at 1557).
The record demonstrates that both parents provide appropriate living conditions for the child, and she is bonded to each of the parents. Although the father argues that the child should instead attend school in the Lake George School District, the record supports Family Court's determination that the child had adjusted to her new school and her household, and that the father would be able to continue his involvement in her sporting and extracurricular activities in her new school district. Considering all relevant circumstances and affording due deference to Family Court's factual findings, we find that the determination is supported by a sound and substantial basis (see Matter of Dwayne S. v Antonia T., 170 AD3d 1451, 1452 [2019]; Matter of Voland v Stalker, 113 AD3d 1010, 1011 [2014]).
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.