Matter of David V. v Roseline W. (2023 NY Slip Op 03063)

Matter of David V. v Roseline W.

2023 NY Slip Op 03063

Decided on June 8, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 8, 2023

535851
[*1]In the Matter of David V., Respondent,
v
Roseline W., Appellant. (And Another Related Proceeding.)

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Sandra M. Colatosti, Albany, for appellant.
Carola, Bagnoli & Tollisen, PLLC, Mechanicville (Gerald A. Thompson of counsel), for respondent.
Veronica Reed, Schenectady, attorney for the child.

Lynch, J.P.
Appeal from an order of the Family Court of Saratoga County (Amy J. Knussman, J.), entered July 13, 2022, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2013). A 2019 custody order awarded the parties joint legal custody, with primary physical custody to the mother and parenting time to the father. In August 2021, the father filed a modification petition seeking primary physical custody of the child with supervised visitation for the mother, alleging that she was hospitalized due to mental health concerns. A police report explaining the surrounding circumstances was attached to the petition. The father filed an amended modification petition in October 2021 containing additional allegations and also seeking sole legal custody. A temporary order awarded the father primary physical custody on an interim basis, with supervised parenting time to the mother in a public place, which was subsequently reduced during the course of the proceedings to one day per week.
In March 2022, the mother filed a cross-petition to modify the 2019 custody order seeking sole legal and primary physical custody of the child, among other relief. She alleged, among other things, that she was engaged in mental health treatment and had voluntarily scheduled a substance abuse evaluation, the father had deprived her of access to the child and the father was using marihuana and unprescribed Oxycontin. Following fact-finding and Lincoln hearings, Family Court, as relevant here, awarded the parties joint legal custody, with primary physical custody to the father and supervised parenting time to the mother "every Monday, from 4:30 p.m. to 7:30 p.m., and . . . on alternate [Saturdays] from 10:00 a.m. to 6:00 p.m.," as well as additional time as mutually agreed in writing. The mother's sister was to serve as the visitation supervisor and the exchange was to take place at a McDonald's off of Exit 12 of the Northway in the Town of Malta, Saratoga County. The mother appeals.
"Inasmuch as the parties do not dispute that there has been a change in circumstances since the [2019] order, the only issue before us is whether the child's best interests were served by Family Court's order" (Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1166 [3d Dept 2020] [citations omitted]; see Matter of Brett J. v Julie K., 209 AD3d 1141, 1143 [3d Dept 2022]). "In determining whether modification of a prior custody order will serve the best interests of the child, courts must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide [*2]for the child's intellectual and emotional development and overall well-being" (Matter of Nathan PP. v Angela PP., 205 AD3d 1082, 1083 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [3d Dept 2020]). "This Court accords great deference to Family Court's factual findings and credibility determinations . . . , and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Daniel XX. v Heather WW., 180 AD3d at 1166 [internal quotation marks, brackets and citations omitted]).
We disagree with the mother's contention that Family Court's award of primary physical custody to the father lacks a sound and substantial basis in the record.[FN1] Family Court expressly credited the father's testimony over the mother's testimony, which it found to be "evasive [and] flippant." When deferring to these credibility determinations, we conclude that there is a sound and substantial basis in the record to support Family Court's finding that it was in the child's best interests to grant the father primary physical custody (see Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 767 [3d Dept 2021]; Matter of Garcia v Zinna, 149 AD3d 1185, 1185-1186 [3d Dept 2017]). The record demonstrates that the father had competently cared for the child during the course of the proceedings, had a stable home environment and was gainfully employed. The mother, by contrast, was unemployed, had no stable source of income and had unresolved mental health issues, as evidenced by her continued outbursts in front of the child even after being released from the hospital. There was also evidence calling into question her commitment to dealing with her mental health issues and evidence of her recent prior drug use. However, she was not engaged in substance abuse treatment and was evasive in her answers regarding this issue. Although the mother maintained that the father had erroneously canceled visits with the child and did not consistently provide her with relevant information, the record generally confirms otherwise, demonstrating that the father made good faith efforts to ensure consistent visitation with the mother, which she did not always take advantage of. On this record, there is ample evidence supporting the award of primary physical custody to the father.
As for Family Court's determination that it was in the child's best interests to continue the mother's supervised parenting time, this issue "is a discretionary determination for Family Court that we will not disturb if supported by a sound and substantial basis in the record" (Matter of Lynn X. v Donald X.,162 AD3d 1276, 1277 [3d Dept 2018]; see Matter of Adam E. v Heather F., 151 AD3d 1212, 1215 [3d Dept 2017]). For the same reasons set forth above, there is also a sound and substantial basis in the record to support Family Court's determination in this respect, for the proof established that, at the [*3]time of the fact-finding hearing, "unsupervised parenting time would [have] be[en] 'detrimental to the child's safety' " (Matter of Nicole J. v Joshua J., 206 AD3d 1186, 1188 [3d Dept 2022], quoting Matter of Taylor v Fry, 63 AD3d 1217, 1218-1219 [3d Dept 2009]).
With respect to the mother's additional arguments, she contends that, even if supervised parenting time is deemed appropriate, "there is no reason why Family Court should not have awarded [her] alternate weekend parenting time." The court did, however, grant the mother parenting time on "alternate [Saturdays] from 10:00 a.m. to 6:00 p.m." To the extent the mother is arguing that she should have been granted overnight parenting time on alternate weekends, we conclude that such relief was not warranted at the time of the fact-finding hearing (see Matter of Troy SS. v Judy UU., 69 AD3d 1128, 1133 [3d Dept 2010], lv dismissed & denied 14 NY3d 912 [2010]).
We further reject the mother's argument that, in light of her transportation issues, Family Court "should have set the location for the exchange of the child at some place closer to [her] home or directed the father to assume more responsibility for transporting the child." Although the exchange location set forth in the order on appeal is closer to the father's residence, the mother did not request a particular location in her petition. We are mindful of the mother's transportation issues, but, at the time of the fact-finding hearing, she had more flexibility than the father did in terms of her schedule, and her attorney advocated for the parties to have shared transportation responsibilities as it pertained to the mother's supervised visitation during the course of the proceedings, representing that the maternal aunt — who was ultimately deemed the visitation supervisor — could provide transportation "at least one direction." It appears that the maternal aunt was doing so. Moreover, during the December 2021 appearance, the father revealed that the child goes to bed at 8 p.m. As the mother was awarded parenting time until 7:30 p.m. on Mondays, making the exchange location closer to the mother's home would necessitate pushing back the child's bedtime to accommodate the longer drive back to the father's residence. In these circumstances, we perceive no basis upon which to modify the exchange location enumerated in the order.
That said, we agree with the mother that Family Court should have awarded her telephone or video contact with the child on all days in which he is in the father's care. The mother requested such relief in her petition and, although the order on appeal granted the mother the right to "initiate a telephone and/or Facetime call with the child on Thursdays at 5:00 p.m., and . . . on alternate Saturdays at 5:00 p.m." and at further times "as mutually agreed upon between the parties in writing," it is clear that the parties need a more solidified schedule. Notably, the prior 2019 order granted the parties a phone call with [*4]the child on days when he was in the other parent's care (except on exchange days) and nothing in the record indicates that allowing additional telephone and/or video calls would be detrimental to the child's well-being (see Matter of Cywiak v Packman, 214 AD3d 654, 657 [2d Dept 2023]). To the extent not specifically addressed, we have considered the mother's remaining contentions and find them to be without merit.
Clark, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by allowing respondent to initiate a telephone and/or video call with the subject child on all days that she does not have parenting time; and, as so modified, affirmed.

Footnotes

Footnote 1: The attorney for the child supports Family Court's determination.