Matter of Marina C. v Dario D. (2024 NY Slip Op 03107)

Matter of Marina C. v Dario D.

2024 NY Slip Op 03107

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

535507
[*1]In the Matter of Marina C., Respondent,
v
Dario D., Appellant. (And Other Related Proceedings.)

Calendar Date:April 24, 2024

Before:Egan Jr., J.P., Aarons, Lynch, Reynolds Fitzgerald and Powers, JJ.

Garufi Law PC, Binghamton (Carman M. Garufi of counsel), for appellant.
Jehed Diamond, Delhi, for respondent.
Larisa Obolensky, Bovina Center, attorney for the child.

Egan Jr., J.P.
Appeal from an order of the Family Court of Delaware County (Gary A. Rosa, J.), entered May 17, 2022, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
As set forth in our prior decision (177 AD3d 1228 [3d Dept 2019]), petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2013). After the parties separated, Family Court entered an order in September 2017 which, upon their agreement, provided for joint legal custody of the child with the mother to have a majority of parenting time through March 31, 2018. The 2017 order anticipated that if the father continued to reside near the mother and the child, the parties would negotiate a new parenting time schedule under which they would enjoy approximately equal parenting time from April 2018 onward. The mother filed a modification petition in November 2017, alleging that the father's behavior since the issuance of the 2017 order demonstrated that coparenting was effectively impossible and arguing that she should be awarded sole legal custody and primary physical placement. Following a hearing, Family Court issued a July 2018 order granting the petition and awarding the mother sole legal custody and primary physical placement, with specified parenting time to the father. Upon the father's appeal, this Court determined in November 2019 that the July 2018 order was supported in all respects by the record, but that Family Court had abused its discretion in failing to appoint an attorney for the child (hereinafter AFC) (id. at 1229). We reversed and remitted so that a new hearing could be conducted following the appointment of an AFC (id. at 1229-1230).
Upon remittal, an AFC was appointed and a new hearing was conducted on the mother's modification petition and several other applications, including a modification petition filed by the father in December 2018.[FN1] The hearing commenced in February 2021 and spanned over a year and multiple court appearances. While it was ongoing, Family Court issued orders in March 2021 and January 2022 which granted motions by the AFC to reduce the father's parenting time due to both the anxiety the prolonged proceedings were causing the child and the father's inappropriate comments to the child. Following a Lincoln hearing, the hearing finally concluded in April 2022. Thereafter, Family Court issued a May 2022 order in which it determined, in relevant part, that a change in circumstances had occurred since the issuance of the 2017 order and that an award of sole legal custody to the mother, with the mother to have primary physical placement and the child and the father to have specified parenting time, would be in the best interests of the child. The father appeals.
We affirm. At the outset, both parties sought modification of the 2017 order, and the father does not dispute that the parties' inability to communicate [*2]for the child's benefit constituted "a change in circumstances since the entry of [that] order so as to warrant an analysis of whether modification would serve the best interests of the child[ ]" (Matter of David ZZ. v. Amanda YY., 214 AD3d 1057, 1057 [3d Dept 2023]; see Matter of John EE. v Jalyssa GG., 222 AD3d 1219, 1221-1222 [3d Dept 2023]). We therefore focus on the issue of what custodial arrangement would serve the best interests of the child, an assessment which requires consideration of "a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of David V. v Roseline W., 217 AD3d 1112, 1113 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 905 [2023]; accord Matter of Adam Q. v Alicia R., ___ AD3d ___, ___, 2024 NY Slip Op 02562, *2 [3d Dept 2024]). We accord great deference to the factual findings and credibility assessments of Family Court, and we will not disturb its ultimate custodial determination so long as such is supported by a sound and substantial basis in the record (see Matter of Carla UU. v Cameron UU., ___ AD3d ___, ___, 2024 NY Slip Op 02742, *2 [3d Dept 2024]; Matter of David V. v Roseline W., 217 AD3d at 1113).
First, the hearing evidence gave no reason to doubt that both parties are loving parents who are capable of caring for the child. Family Court accurately noted, however, that the proof also established that the parties were inflexible in their dealings with one another, sought "unilateral control over the other's parenting decisions," and had significant disagreements on major aspects of the child's upbringing that could only be resolved, to the extent that they were resolved, after exhaustive back-and-forths. Indeed, even the father admits in his brief that he and the mother have "many differences with one another" and "differ in their approaches to religion, schooling, culture, [and] language."[FN2] In view of those disputes, and contrary to the father's suggestion, a sound and substantial basis in the record exists for Family Court's determination that the parties could not effectively coparent and that joint legal custody was unworkable (see Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1050 [3d Dept 2023]; Matter of LaBaff v Dennis, 160 AD3d 1096, 1097 [3d Dept 2018]).
As for what custodial arrangement would serve the best interests of the child, the record reflects that the mother has been the child's primary caregiver for a prolonged period and is in a better position to care for him. For instance, the proof reflected that the mother acted to secure counseling and health care for the child despite the father's criticism on both scores, as well [*3]as that she was far more engaged with the child's physical and mental health treatment than the father. The mother also forthrightly acknowledged her role in the communication problems with the father and had sought to address those problems, unsuccessfully asking the father to engage in coparenting therapy. Moreover, the testimony of the child's therapist and a psychologist who conducted a forensic evaluation reflected that the child suffered from anxiety due to the custody dispute and that his anxiety was worsened, in particular, by his interactions with the father.
The father, in response, acknowledged that he had some unspecified role in the communication problems with the mother but appeared to primarily blame her for them. He also suggested that the observations of the psychologist and the therapist could not be trusted, the former because the psychologist asked the father (who is a German and Italian citizen, but who also speaks English and did not require a translator to testify) and the child to speak in English in front of her rather than their usual German, and the latter because the father believes that the therapist is biased against him. Family Court nevertheless credited the testimony of the mother, the therapist and the psychologist over that of the father, and we perceive no compelling reason to depart from our usual practice of deferring to that assessment. We therefore discern a sound and substantial basis in the record for the determination of Family Court that the mother was the more suitable custodian for the child and that an award of sole legal custody and primary physical placement to her, with significant parenting time to the father, was in the best interests of the child (see Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943-944 [3d Dept 2024]; Matter of Mary AA. v Lonnie BB., 204 AD3d 1355, 1357-1358 [3d Dept 2022]).
As a final matter, because the father did not seek the removal of the AFC, his present argument that the AFC afforded the child ineffective assistance of counsel is unpreserved for our review (see Matter of Jesse FF. v Amber GG., 222 AD3d 1254, 1258-1259 [3d Dept 2023]; Matter of Olivia RR. [Paul RR.], 207 AD3d 822, 824 [3d Dept 2022]). Our review of the record, in any event, satisfies us that the child was afforded meaningful representation (see Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1143 [3d Dept 2011]).
The father's remaining arguments, to the extent that they are not addressed above, have been examined and rejected.
Aarons, Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father's modification petition and several other applications were filed in Broome County and, in February 2020, were transferred to Delaware County for resolution with the other pending matters involving the parties.

Footnote 2: We cannot say that Family Court abused its discretion in declining to admit into evidence a letter in which the mother purportedly admitted to some "level of cooperation and agreement between the parties" notwithstanding their broad disagreements. The issue here was whether the parties had successfully coparented after the issuance of the 2017 order, and the letter, which was authored around the time of the 2017 order and only expressed the mother's hope that coparenting would succeed going forward, was irrelevant on that point (see Matter of Tarrance v Mial, 22 AD3d 965, 966 [3d Dept 2005]).